■ UNITED STATES FIDELITY AND GUARANTEE COMPANY, Appellant, v KARI BYRNES, as Executrix of PETER J. BRYNES, Deceased, Respondent, et al., Defendants.—In an action to declare a conveyance of realty as one made in fraud of creditors pursuant to Debtor and Creditor Law § 273-a, and to recover attorney's fees pursuant to Debtor and Creditor Law § 276-a, plaintiff appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered November 8, 1984, which dismissed its claim for attorney's fees against the defendant executrix.

Order affirmed, with costs.

The underlying event which gives rise to the instant action is plaintiff's payment of the sum of $52,036.34 to the State Bank of Long Island in accordance with the terms of a banker's blanket bond which indemnified the bank against loss sustained by reason of fraud and the making of false entries on its books by its employees. In consequence of its indemnification of the State Bank of Long Island, plaintiff became subrogated to all rights of the bank in connection therewith. Plaintiff thereafter commenced an action against Francis J. Anderson, the employee responsible for the fraud, for recovery of the sum paid to the bank. At that time, Francis J. Anderson and his wife, Josephine, owned, as tenants by the entirety, a parcel of real estate in Hicksville. Several months after commencement of that action, the Andersons, as tenants by the entirety, conveyed the entire parcel to Josephine Anderson as sole owner. Said conveyance was without consideration and without the payment of real estate transfer taxes. On that same date, Josephine Anderson executed and delivered a deed conveying the premises to Peter J. Byrnes and Fergus B. Norton, Francis' attorneys. Said deed was also delivered without consideration or payment of transfer taxes.

Plaintiff's action against Francis J. Anderson resulted in a judgment in its favor, as subrogee. Upon his failure to satisfy that judgment, plaintiff commenced this action against the Andersons and their attorneys to declare the aforesaid conveyances in fraud of creditors under Debtor and Creditor Law § 273-a and for attorney's fees under section 276-a. Plaintiff

was thereafter awarded summary judgment declaring the conveyance fraudulent and granting it counsel fees with respect to the Andersons and Norton. With respect to defendant Brynes (the executrix having been substituted as a party defendant for the deceased attorney), summary judgment was denied and the claim for counsel fees was severed and continued. Upon reargument, Special Term's denial of summary judgment as against defendant Byrnes' estate was adhered to. That determination was affirmed without opinion by this court (United States Fid. & Guar. Co. v Byrnes, 100 AD2d 877).

The application for counsel fees against Byrnes' estate proceeded to trial, after which plaintiff's claim was dismissed.

At trial, plaintiff merely read into the record the decision of Special Term denying summary judgment and failed to present any new evidence. Plaintiff did nothing to refute Special Term's finding that there had been no showing of actual intent to defraud on the part of the deceased. Under the circumstances, it was not error to dismiss plaintiff's claim for attorney's fees against Byrnes' estate. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.